UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RIKI P. WINN,** | ) | **CASE NO. 1:18 CV 2973** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **LATANYA D. MONTGOMERY,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Riki P. Winn filed this action against Latanya D. Montgomery and JayHane Montgomery. In the Complaint (Doc. # 1), Plaintiff alleges the Defendants sold or misappropriated one or two of his vehicles. He asserts claims for theft. He does not specify the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. #3). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact

when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to

hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Northfield. Ohio. He lists a Cleveland, Ohio address for Latanya Mongomery. A plaintiff in Federal Court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and at least one of the Defendants are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Plaintiff alleges causes of action for theft and grand theft. These are not federal causes of action. No other federal cause of action is apparent on the face of the Complaint.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is granted and this action is **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

  *s/Dan Aaron Polster*   4/10/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.